## WALKER *v*. THE CITY OF EVANSVILLE.

CITY OF EVANSVILLE.—*Charter.*—*Salaries of Officers.*—The charter of the city of Evansville provides, that the mayor "shall receive annually a salary, to be fixed by ordinance or by-law, and paid out of the city treasury by quarter-yearly instalments; and after the first ordinance fixing such salary shall take effect and be in force, no ordinance decreasing such salary shall take effect until the next regular election for mayor, or until the office of mayor shall become vacant." The record of the proceedings of the com-

mon council shows that, at a certain date, "on motion, the council proceeded to fix the following salaries, viz.: for" A. B., "mayor, per annum, three thousand dollars;" and A. B. was paid that amount while he remained mayor. After the election and qualification of his successor, the latter was also paid the same sum for a portion of his term of office, when the common council passed an ordinance which provided, "that there shall be allowed to the several officers of the city and appointees of the common council of the city, hereinafter mentioned, the following salaries to be paid monthly: to the mayor per year, two thousand dollars," &c.

*Held*, that said allowance of three thousand dollars was a fixing by by-law of the salary of mayor, and not simply an allowance to A. B.

*Held*, also, that the ordinance so passed after the election and qualification of the successor of A. B., decreasing the salary of mayor, could not have any effect on the salary of said successor.

APPEAL from the Vanderburgh Circuit Court.

RAY, C. J.—On the 9th day of July, 1869, the parties to this action submitted to the court below an agreed case, from which it appears that in April, 1868, the appellant was elected mayor of the city of Evansville, and was afterwards duly qualified as such; that he still performs the duties of said office; that at a session of the common council of said city, on the 17th day of April, 1865, the following proceedings were had concerning the salaries of mayor and clerk: for W. Baker, mayor, three thousand dollars per annum; for A. McGraff, clerk, fifteen hundred dollars per annum; that no change in the amount of salary to be paid to the mayor was made prior to the election and qualification of the appellant; that on the 31st day of May, 1869, the common council passed an ordinance concerning the duties and salaries of the city officers, section six of which is as follows: "That there shall be allowed to the several officers of the city and appointees of the common council of the city, hereinafter mentioned, the following salaries, to be paid monthly: To the mayor per year, two thousand dollars; to the clerk, per year, fifteen hundred dollars;" whereupon the appellant filed with the city clerk a protest against the passage of said ordinance; that the appellant, up to the 1st day of April, 1869, received his salary from the appellee at the rate of three thousand dollars per year; that upon the

basis of the salary of mayor being still three thousand dollars per annum, there is due the appellant from April 1st, 1869, to July 1st, 1869, seven hundred and fifty dollars; that under the ordinance of the 31st of May, 1869, the appellant is entitled to five hundred dollars, which the appellee is willing to pay, there being no controversy except over the difference between the two amounts, to wit, two hundred and fifty dollars.

The cause was heard by the court, and judgment was rendered for defendant. The plaintiff excepted and moved the court for a new trial, for the reasons, first, that the finding of the court was contrary to law; second, that the finding of the court was not supported by the evidence. The motion was overruled, to which plaintiff excepted.

There is a provision in the city charter, that the mayor "shall receive annually a salary to be fixed by ordinance or by-law, and paid out of the city treasury by quarter-yearly instalments; and after the first ordinance fixing such salary shall take effect and be in force, no ordinance decreasing such salary shall take effect until the next regular election for mayor, or until the office of mayor shall become vacant." Local Laws of 1846–7, p. 29, sec. 63.

The record is as follows: On the 17th day of April, 1865, "Councilman Orr was appointed president *pro tem.,* and on motion the council proceeded to fix the following salaries, viz.: For W. Baker, mayor, three thousand dollars per annum; for A. M. McGraff, clerk, fifteen hundred dollars per annum." The appellee insists that this was not the fixing of a salary to the office of mayor, but simply an allowance to W. Baker. But the record declares the sum was fixed as a salary, and under it while Baker remained mayor he was paid that salary; and after the election of the appellant, the same sum was paid to him until the passage of the ordinance of 1869. The city charter provides for a salary payable quarterly for each year, and does not authorize *annual* allowances to be substituted. Again, the city charter imposes it as a duty upon the council to fix by

ordinance or by-law such salary. With the action of the council in April, 1865, before us, are we to charge the members of that body with a neglect of official duty?

In the case of *Lisbon* v. *Clark*, 18 N. H. 234, the court held: "If a town is authorized by the legislature to pass a particular by-law, and no particular form is prescribed in which the law shall be engrossed, any form of words is sufficient to constitute such a by-law, provided enough is contained therein to signify the will of the town that the by-law exists, and to indicate its terms and the objects to which it should apply."

In the case of *Whitlock* v. *West*, 26 Conn. 406, the validity of a by-law, which reads as follows, was questioned: "Voted, that all cattle shall be restrained from going at large on the highways and commons in said town." The by-law was sustained, and the court held, "The construction of by-laws of a town, as they are more inartificially expressed than other laws, should be reasonable and such as to give effect to every part."

It seems clear that the only force this action of the council can have is as a by-law fixing the salary of the mayor and the clerk, and that no ordinance decreasing such salary can have any effect until a vacancy or a new election occurs in that office. The court below having otherwise determined this question, the judgment is reversed, and the cause remanded for a new trial.

FRAZER, J.—It seems to me that the fact is apparent that the council did not fix the salary of the office of mayor generally, but merely the salary of Baker as such. This, though not what the charter required, was what was actually done. From this I conclude that the court below did not err.

A. *Iglehart* and C. *Denby*, for appellant.

J. M. *Shackelford* and — *Parrett*, for appellee.